John O. Boylan, S.
In this construction proceeding, the court is asked to determine the intent of the decedent as to the disposition of a vacant parcel of real property owned by him at death, and referred to in the stipulation as Parcel No. III.
The pertinent provisions of the will are as follows:
“fourth: — I hereby give, devise and bequeath to my wife margarita fusohino premises No. 10 Rockland Avenue, Staten Island, New York, to be hers absolutely, outright and forever, except that I direct that she shall not during her lifetime sell, alienate or dispose of said premises so long as my said son Bernard fusohino shall continue to operate therein the aforesaid restaurant and tavern business.
“fifth: — I hereby give, devise and bequeath premises No. 4-6 Rockland Avenue, Staten Island, New York, to my four daughters, maria intemann, filomena heller, margarita rutan and Angelina puntillo, to be theirs absolutely, outright and forever, share and share alike, one-fourth each. * * *
“ seventh : — All the rest, residue and remainder of my estate, whether real or personal property, I hereby give, devise and bequeath to my wife, margarita fuschino, to be hers absolutely, outright and forever.”
*108 The decedent, Berardino Fuschino, died testate on August 18, 1955. His will, dated February 21, 1953 was duly probated in this court September 12,1955.
At the time of his death, decedent owned a piece of real property subdivided for the purpose of this proceeding as follows:
(1) Premises known as 4-6 Rockland Avenue (consisting of a store with two apartments above).
(2) Premises known as 10 Rockland Avenue (consisting of a store with one apartment above).
(3) The vacant lot in dispute, which adjoins No. 4-6 Rockland Avenue. At the time of decedent’s death, a garage stood on the said vacant lot but has since been removed.
Decedent acquired the entire real property afore-mentioned as one parcel, by deed dated July 7, 1920; it has never been subdivided, except by the survey made pursuant to agreement of the parties and attached to the stipulation herein.
Prior to the date of execution of the will, there were three buildings on the vacant lot in dispute (then known as 3169-3173 Richmond Road, and referred to in this proceeding as Parcel No. III). In 1952, a year before the will was made, a permit was issued by the New York City Building Department for the demolition of the buildings on said lot. Demolition was completed in October, 1953, approximately eight months after the execution of the will, and 22 months before the decedent’s demise. Petitioners herein, the decedent’s four daughters, assert that the devise of premises 4-6 Rockland Avenue to them in section Fourth of the will, also includes the vacant land adjacent to the buildings (Parcel No. III). The widow, however, maintains that it passes to her under the residuary clause (section Seventh).
Although a will normally speaks from the date of death, in ascertaining intent, facts must be considered as of time of its execution. (Matter of Harmon, 80 N. Y. S. 2d 903.) Thus, with respect to specific gifts and devises, a will normally speaks as of the day of its execution (Matter of Henderson, 197 Misc. 468). Hence, when the testator devised numbers 4-6 Rockland Avenue to his four daughters, and No. 10 Rockland Avenue to his widow, in the absence of evidence to the contrary, he intended to include in the devises, not only the buildings, but also that amount of vacant land adjoining them, which would normally be considered necessary for their beneficial use and enjoyment (Matter of Holland, 180 Ore. 1). However, since the edifices at 3169-3173 Richmond Road, which adjoin 4-6 Rockland Avenue, were still standing at the execution of the will, it certainly cannot be said that at that time, the testator considered the dis *109 putód property as ‘ ‘ necessary for the beneficial use and enjoyment ” of 4-6 Eockland Avenue.
Demolishing the buildings at 3169-3173 Bichmond Boad in and of itself does not, as a matter of law, show an intent on the part of the testator that the resultant vacant lot should become a portion of premises 4-6 Eockland Avenue. If the testator had wished that it become integrated with 4-6 Eockland Avenue, then it would have been a simple matter for him to have inserted a clause to that effect, either in the original instrument or by a subsequent codicil.
According to the record before the court, at no time did the testator, either before or after the demolition, use the lot in dispute as a component part of the premises devised to the daughters, nor did he ever indicate that the two parcels (vacant lot and 4 — 6 Eockland Avenue) were to be used and treated as one. Furthermore he never evinced any intent that they should pass as one parcel in his will (Clark v. Goodridge, 51 Misc. 140, 155).
On the contrary, from all indications, it seems evident that the vacant lot in dispute (described as Parcel No. Ill in the stipulation) was always considered by him to be a separate entity and never a part of 4-6 Eockland Avenue. Therefore the court holds that said Parcel No. Ill passes to the widow, Margarita Fuschino, under the residuary clause (section Seventh).